# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOHNATHAN JOHNSTON,
ADC #154144                                                                                    PETITIONER

v.                                          5:16CV00098-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                   RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  BACKGROUND**

A Pulaski County Circuit Court jury found Petitioner Johnathan Johnston guilty of three counts of rape. (Doc. No. 1.) They sentenced him to forty-years' imprisonment on each count to run concurrently. (Doc. No. 6 at 1182-85.) Mr. Johnston appealed, and the Arkansas Supreme Court affirmed, holding the circuit court's admission of pornographic images retrieved from Mr. Johnston's computer was harmless error, and reciting the underlying facts:

> On November 4, 2011, Johnston was charged with three counts of rape of his then nine-year-old daughter, C.J. The rapes were alleged to have occurred between December 21, 2006, and September 5, 2011. At trial, C.J. testified that Johnston had been raping her since she was four or five years old during her weekly visitation with her father, which was established following her parents' divorce. She stated that the rapes occurred several times during each weekend visit and that Johnston raped her vaginally, orally, and anally. C.J.

> testified that Johnston had occasionally used a condom but that he typically ejaculated on her, and she described the smell of his semen. She further testified that Johnston had filmed her "sucking on his penis" and that he had taken photographs of her in suggestive poses. C.J. stated that the rapes were painful and that Johnston would anally rape her when he was "really mad" because he knew that hurt her the most.
>
> According to C.J., she did not tell anyone about the abuse because her father threatened that "demons would kill me and him." C.J. stated that Johnston would tell her that he saw demons or vampires in the mirror and try to scare her. She testified that she finally decided to tell her grandmother about the abuse after a visit with her father over Labor Day weekend in 2011, when she asked him when he would stop raping her, and he replied that he did not know. C.J. stated that he made a "pinkie promise" to stop but that he then raped her again on that Monday. While Johnston would normally make C.J. change her clothes and shower after the rapes, she decided not to change her underwear before she went home that weekend because she had a feeling that she was going to disclose the rapes. C.J. told her grandmother after school on Tuesday, and she was taken to Arkansas Children's Hospital, where she underwent a sexual-assault exam. A swab taken from C.J.'s vagina tested positive for sperm cells, although the cells were unable to be DNA typed. The underwear that C.J. had worn home that weekend was also examined, and Johnston's semen was found in the crotch area. His semen was also found on four[1] other pairs of C.J.'s underwear seized from Johnston's home. A forensic sexual-assault examination conducted two weeks later revealed that C.J. had a major tear in her hymen that indicated sexual abuse involving penetrating trauma.

*Johnston v. State*, 2014 Ark. 110, *1-3, 431 S.W.3d 895, 896-97 (2014).

On June 16, 2014, Mr. Johnston filed a *pro se* Rule 37 Petition arguing his trial counsel was ineffective for: (1) failing to "procure an expert witnesses in petitioner's defense;" (2) failing "to present expert testimony of a psychiatrist or psychologist licensed in psychosexual behavior and/or sex therapy;" and (3) failing "to procure expert testimony

---

[1]Petitioner correctly asserts this statement is factually inaccurate. (Doc. No. 1 at 2.) The Arkansas State Crime Lab tested six pairs of the victim's panties. Semen and/or sperm cells were found in the inside crotch area of five pairs. (Doc. No. 6 at 778-83.) Mr. Johnston's DNA was found in the inside crotch area of two pairs; in three pairs the secondary DNA source from the semen and/or sperm cells could not be identified. (*Id.* at 812.)

relating to the human papilloma virus (sic)." (Doc. No. 5-8 at 19-23.) The Pulaski County Circuit Court found the petition without merit. (*Id.* at 39-40.) Mr. Johnston filed a notice of appeal (*Id.* at 43) and a request for extension of time to file appeal. (Doc. No. 5-9.) However, the Arkansas Supreme Court denied the extension "because it [was] clear from the record that [Mr. Johnston] could not prevail if the appeal were permitted to go forward . . ." *Johnston v. State*, 2015 Ark. 162 *1, 459 S.W. 3d 782, 784 (2015).

Mr. Johnston filed the current Petition on March 31, 2016. (Doc. No. 1.) In it he alleges his trial counsel was ineffective for various reasons, some of which were raised in his Rule 37 petition, the trial court violated his due process rights when it allowed the admittance of pornographic material found on his laptop, and the cumulative errors render his convictions unfair. Some of these claims are raised for the first time in this Petition. Respondent argues that the state's ruling should be given deference, and Mr. Johnston's remaining claims are either procedurally defaulted or meritless. For the following reasons, I agree.

II.   ANALYSIS

    A.   **State Deference**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas courts, are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). Under the AEDPA, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding

and the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here.

Mr. Johnston argues his counsel was ineffective for, *inter alia*: (1) failing to prepare a defense based on his sexually transmitted disease, human papilloma virus ("HPV"); and

5

(2) failing to prepare a defense based on the size and appearance of his penis.[2] In its opinion denying Mr. Johnston's extension of time to file an appellate brief, the Arkansas Supreme Court addressed these two claims. It found trial counsel was not ineffective because:

> The decision to call or not to call a particular witness is generally a matter of professional judgment and trial strategy that is outside the purview of Rule 37.1. *Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734 (citing *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam)). The fact that there was a witness, or witnesses, who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Feuget*, 2015 Ark. 43, 454 S.W.3d 734.

*Johnston v. State*, 2015 Ark. 162 *6, 459 S.W.3d 782, 786 (2015). Furthermore, the Arkansas Supreme Court said:

> When a petitioner pursuant to [Rule 37] claims ineffective assistance of counsel based on the failure of counsel to call an expert witness, the petitioner bears the heavy burden of supporting his allegations with facts that established that the defense suffered actual prejudices arising from counsel's conduct. *See Feuget*, 2015 Ark. 43, 454 S.W.3d 734. As stated, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Anderson*, 2015 Ark. 18, 454 S.W.3d 212. The claimant must provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *Green* [*v. State*], 2014 Ark. 284, 2014 WL 2814866; *Dixon v. State*, 2014 Ark. 97, 2014 WL 805350 (per curiam) (citing *Abernathy* [*v. State*], 2012 Ark. 59, 386 S.W.3d 477). [Petitioner] did not show that there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt and the outcome of the proceeding would have been different. *See Feuget*, 2015 Ark. 43, 454 S.W.3d 734.

*Johnston*, 2015 Ark. 162 * 7, 459 S.W.3d 782, 787 (2015).

---

[2]These claims include allegations that trial counsel was ineffective for both failing to question witnesses about Mr. Johnston's HPV and penis size, and also failing to call medical experts regarding those claims. The claims regarding the expert testimony were addressed by the Arkansas Supreme Court, and the claims that trial counsel should have questioned witnesses regarding HPV and penis size are procedurally defaulted and will be addressed *infra*.

To find Mr. Johnston's trial counsel ineffective, I must find the Arkansas Supreme Court's finding is contrary to clearly established federal law or is based on an unreasonable determination of the facts. I cannot. Therefore, I must give deference to the Arkansas Supreme Court and dismiss each of these claims.

Mr. Johnston also argues that he was denied due process when the trial court introduced "irrelevant and grossly prejudicial incestuous pornography found on [Johnston's] laptop computer."[3] (Doc. No 1 at 24.) Mr. Johnston argues the introduction of this evidence was so prejudicial that the remainder of the trial was "clouded" and denied Mr. Johnston a fair trial. (*Id.* at 28.) However, this was argued on direct appeal. The Arkansas Supreme Court found the harmless-error doctrine applied and affirmed the conviction. The Arkansas Supreme Court stated:

> Even assuming that the admission of the photos was error, there was overwhelming evidence of Johnston's guilt. In addition to C.J.'s detailed testimony recounting the many years of rapes by her father, there was also corroborating medical and forensic testimony. Johnston's semen[4] was found on the crotch area of five pairs of C.J.'s underwear, including the pair that she had worn home following her Labor Day visitation, during which, she testified, Johnston had raped her three times. Further, a vaginal swab from the sexual-assault exam performed the next day tested positive for sperm cells, and a major tear in C.J.'s hymen, which was consistent with sexual abuse involving penetration, was also found. Thus, there was overwhelming evidence of Johnston's guilt in this case.

*Johnston v. State*, 2014 Ark. 110 *7,8, 431 S.W.3d 895, 899 (2014). I cannot find that this ruling is contrary to clearly established federal law, and this claim must be dismissed.

---

[3] Alternatively, Petitioner argues that trial counsel was ineffective for failing to federalize the objection to the introduction of evidence. This claim is procedurally defaulted and must be dismissed.

[4] As stated above, semen was found in five pairs of panties. DNA could be typed in only two.

7

**B.      Procedural Default**

Mr. Johnston's remaining claims of ineffective assistance of counsel are procedurally defaulted. He claims trial counsel was ineffective for: (1) failing to question Dr. Sarah Covey, Jacqueline Johnston, and Jennifer MacMillan about HPV; (2) failing to question the victim, Ms. Johnston, and Ms. MacMillian about the size and appearance of Mr. Johnston's penis; (3) failing to move the trial court to merge the rapes into one count; and (4) failing to point out "inconsistencies, improbabilities, and gaping holes in the State's case."[5] Each of these claims are raised in the federal Habeas Corpus Petition for the first time.

However, before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); See 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.")

---

[5]This claim includes seven sub-claims, all of which are procedurally defaulted and, even if they were not, do not rise to the *Strickland* standard.

(citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

Mr. Johnston makes no excuse for his procedural default. Therefore, I conclude *Martinez* would not apply in this case. However, assuming *Martinez* applied, I would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Johnston had no counsel[6] in the postconviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Johnston had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Here, Mr. Johnston's claim fails on the first prong of the analysis. His many claims for ineffective assistance of counsel are based on disagreements with strategic decisions during trial, conclusory, or meritless. I have carefully reviewed the trial transcript in this case and conclude that Mr. Johnston's claims of ineffective assistance of counsel are far from reaching the level of "substantial."

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Neither is applicable here, although the Petition states

---

[6]It is noted that although Mr. Johnston filed his Rule 37 *pro se*, he is now represented by counsel.

that "[Johnston] *may* be actually innocent of the crimes for which he was convicted." (Doc. No. 1 at 31, emphasis added.)  To prove actual innocence, Mr. Johnston would have to establish (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F3d. 1342, 1351 (8th Cir. 1997).  No new evidence has been presented, and the claim that he "may" be actually innocent is insufficient. Therefore, the remaining ineffective assistance of counsel claims are procedurally defaulted and must be dismissed.

### C.    Meritless

The final claim of Mr. Johnston is based upon overturned law.  He argues "the cumulative effect of the errors committed in this case" violates his right to due process based on the ruling in *Harris v. Housewright*, 697 F.2d 202 (8th Cir. 1982).  However, in *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996), the Eighth Circuit Court of Appeals found that "*Harris* is no longer good law."  The Eighth Circuit said, "Errors that are not unconstitutional individually cannot be added together to create a constitutional violation."  *Id.*  Therefore, this claim is meritless and must be dismissed.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Mr. Johnston's claims do not rise to a substantial showing

of the denial of a constitutional right. Therefore, a certificate of appealability should not be entered.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the requested relief be DENIED. A certificate of appealability be DENIED.

DATED this 15th day of July, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE